Hon. Howard E. Pachman Suffolk County Attorney
You have requested our opinion upon the following questions:
 "1. Can the Suffolk County Attorney agree to defend the officers and employees of the Board of Trustees of the Vanderbilt Museum?
 "2. Can Suffolk County purchase or provide liability insurance for the Board of Trustees, or agree to indemnify the Board of Trustees for liability arising out of the operation of the Museum?
 "3. Can Suffolk County agree to provide services such as financial services of the County Treasurer and the Department of Audit and Control, engineering and technical services from the Department of Building and Grounds and purchasing services of the Department of Purchase?"
The Museum was incorporated by a Charter granted by the Board of Regents on July 15, 1949, pursuant to authority of Education Law, § 216. Under the Charter the Museum was to be run by the Suffolk County Park Commission, the members of which were designated as Trustees of the Museum. By Local Law No. 1 of the year 1966, the function of the Suffolk County Park Commission in relation to the Museum was transferred to a new body, the Suffolk County Vanderbilt Museum Commission, the members of which are now the Trustees of the Museum. A special act of the Legislature, chapter 782 of the Laws of 1954, is of interest in understanding the relationship between the Museum and the county government.
Probably you, as Suffolk County Attorney, are required to devote your professional activities exclusively for the benefit of the County.
County Law, § 224 provides that the Board of Supervisors shall have power to contract with non-profit organizations formed for certain objects and purposes, one of which, in subdivision 12, is stated to be for the maintenance and operation of a public museum. County Law, § 225, subd 1 allows a county board of supervisors to appropriate county funds and to permit the use of county property of all kinds for certain public benefit objects and purposes; paragraph (n) specifies that the public benefits, objects and purposes set forth in County Law, § 224 are included within that power.
In our opinion:
 1. The Suffolk County Charter may be amended so as to allow the Suffolk County Attorney to be retained by the Vanderbilt Museum to provide legal representation; the amount of expense of such representation (whether it be provided by the Suffolk County Attorney or another) can be provided for the museum by Suffolk County under contract; representation by the county attorney should be permissive, not mandatory, because undoubtedly there will be occasions upon which the county attorney would find that a conflict of interest exists between simultaneously serving the county and the museum.
 2. Suffolk County should not purchase or provide liability insurance for incidents arising out of the operation of the museum, but the cost to the Board of Trustees to purchase insurance for this purpose could be defrayed under such a contract.
 3. Suffolk County may agree in such a contract to provide money for the museum to pay to the county the cost of services such as financial services of the County Treasurer and the Department of Audit and Control, engineering and technical services from the Department of Building and Grounds and purchasing services of the Department of Purchase.